IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| EMMA ARISTY, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. **3:24-CV-2056-L** |
| § | |
| WAL-MART STORES TEXAS, LLC, § | |
| § | |
| § | |
| Defendant. § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Defendant Wal-Mart Stores Texas, LLC's Motion for Summary Judgment ("Motion") (Doc. 12), filed April 18, 2025. For the reasons herein explained, the court **grants** Defendant's Motion for Summary Judgment (Doc. 12).

I.   **Factual and Procedural Background**

Emma Aristy ("Ms. Aristy" or "Plaintiff") brought this action in state court on December 7, 2023, against Wal-Mart Stores of Texas, LLC ("Walmart" or "Defendant"), alleging a single claim of negligence under Texas law. She seeks monetary damages for past and future medical expenses and lost wages, pain and suffering, mental anguish, attorney's fees, and costs for injuries sustained on or about November 11, 2023, as an invitee at Walmart's store at 6185 Retail Road, Dallas, Texas 75231. She contends that while she was walking in the produce section of the store, she tripped over a pipe that was protruding from a wall, fell to her knees, and hit other shopping carts as she fell. She argues that she was an invitee of Walmart. Further, Ms. Aristy contends that Walmart knew or should have known of the unreasonably dangerous condition; created or failed to correct the condition; and as a result of its negligence, she was injured.

Moreover, she contends that Walmart owed her a duty to maintain the premises in a safe condition and to inform her of the dangerous condition.

On August 13, 2024, Walmart removed this case to federal court pursuant to 28 U.S.C. §§ 1441(b) and 1332(a), the removal and diversity of citizenship statutes. Thereafter, it moved for summary judgment on April 18, 2025, to which Plaintiff responded on May 9, 2025. The Motion became ripe on May 22, 2025, when Walmart filed its reply brief.

## II. Summary Judgment Standard

Summary judgment shall be granted when the record shows that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Mutual Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all facts and inferences in the light most favorable to the nonmoving party and resolve all disputed facts in favor of the nonmoving party. *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005). Further, a court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254-55.

There is one exception to resolving all disputed facts in favor of the nonmovant. "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380

(2007). In *Harris*, there was a videotape of the police chase. The videotape clearly contradicted the plaintiff's version of what happened, and the Court held that under such circumstances the lower court "should have viewed the facts in the light depicted by the videotape." *Id.* at 380-81; *see also Huynh v. Walmart Inc.*, 30 F.4th 448, 454 (5th Cir. 2022) ("When the record includes video recordings, as is the case here, the video depictions of events, viewed in the light most favorable to the non-movant, should be adopted over the factual allegations if the video blatantly contradicts those allegations.") (cleaned up).

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine dispute of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986). On the other hand, "if the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986) (emphasis in original). "[When] the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine [dispute] for trial.'" *Matsushita*, 475 U.S. at 587 (citation omitted). Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994).

The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim.

*Ragas*, 136 F.3d at 458. Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.*; *see also Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir. 1992). "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues that are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id.* If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

### III. Discussion

#### A. The Court Treats Plaintiff's Claim as a Premises Liability Claim.

As an initial matter, Defendant contends that Plaintiff's claims should be "dismissed" because the claim is mischaracterized as a negligence claim while her allegations are stated as a premises liability claim. Def.'s Summ. J. Br. 1. While negligence and premises liability claims "are branches of the same tree, they are conceptually distinct." *Austin v. Kroger Texas L.P.*, 746 F.3d 191, 196 (5th Cir. 2014) (applying Texas law). "[N]egligent activity encompasses a malfeasance theory based on affirmative, contemporaneous conduct by the owner that caused the injury, while premises liability encompasses a nonfeasance theory based on the owner's failure to take measures to make the property safe." *Del Lago Partners, Inc. v. Smith,* 307 S.W.3d 762, 765 (Tex. 2010).

Merely naming the wrong claim does not bar the court from analyzing Plaintiff's claim as a premises liability claim. "Artful phrasing of the pleadings to encompass alleged design defects or any other theory of negligence does not affect the application of premises liability law." *E.I.*

*DuPont de Nemours & Co. v. Roye*, 447 S.W.3d 48, 57 (Tex. App.—Houston [14th Dist.] 2014, pet. dism'd) (citation omitted). Further, Plaintiff agrees that this action "sounds in Premises Liability, and accordingly would willfully non-suit the claims as to general negligence." Pl.'s Summ. J. Br. 2. Therefore, the court treats Plaintiff's claim as a premises liability claim as opposed to a negligence claim.

Walmart contends that it is entitled to judgment as a matter of law on Plaintiff's premises liability claim because Plaintiff mischaracterizes her claim, the pipe was "open and obvious," and there is no evidence that the pipe was unreasonably dangerous. Walmart further contends that it did not have a duty to warn or make the pipe safe because it was "open and obvious."

Plaintiff replies that she has presented evidence that is sufficient to raise a genuine dispute of material fact whether: (1) Defendant had actual or constructive knowledge of the condition; (2) the condition posed an unreasonable risk; (3) Walmart exercised reasonable care to warn Ms. Aristy or make the condition safe; and (4) Walmart's alleged breach caused her injury. The notice issue is dispositive of Defendant's Motion and Plaintiff's premises liability claim. Because the court has already addressed and disposed of Defendant's first argument regarding the negligence claim, it will focus only on the elements of premises liability.

In Texas, a premises owner owes its invitees a duty to exercise reasonable care to protect them from dangerous premises conditions that were known or reasonably discoverable, but a premises owner is not an insurer of its invitee's safety. *Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 814 (Tex. 2002) (citing *Wal-Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934, 936 (Tex. 1998)). To prevail on a premises liability claim in the summary judgment context, a plaintiff must raise a genuine dispute of material fact of each of the following elements:

> (1) Actual or constructive knowledge of some condition on the premises by the owner/operator;

> (2) That the condition posed an unreasonable risk of harm;
> (3) That the owner/operator did not exercise reasonable care to reduce or eliminate the risk; and
> (4) That the owner/operator's failure to use such care proximately caused the plaintiff's injuries.

*Gonzalez*, 968 S.W.2d at 936 (citing *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992)). A premise owner's knowledge of a potentially harmful condition can be established by proof that: (1) the defendant or the defendant's employees caused the harmful condition; (2) proof that employees either saw or were told of the harmful condition prior to the plaintiff's injury; or (3) proof that the harmful condition was present for so long that it should have been discovered in the exercise of reasonable care. *Threlkeld v. Total Petroleum, Inc.*, 211 F.3d 887, 892 (5th Cir. 2000) (citing *Keetch*, 845 S.W.2d at 264). Evidence that the premises owner received reports of the potential danger, or complaints of prior injuries can support an inference of actual knowledge. *See University of Tex.–Pan Am. v. Aguilar*, 251 S.W.3d 511, 513 (Tex. 2008). "[I]n cases with only slight circumstantial evidence, something else must be found in the record to corroborate the probability of the fact's existence or non-existence." *Lozano v. Lozano*, 52 S.W.3d 141, 148 (Tex. 2001) (citation omitted).

> **B. Because the Pipe Was "Open and Obvious," Plaintiff's Premises Liability Claim Fails as a Matter of Law.**

Walmart contends that the Plaintiff cannot provide evidence to establish that the pipe was unreasonably dangerous, and that even if she could, she is barred from recovery because the pipe was "open and obvious." Def.'s Summ. J. Br. 10. Walmart further argues and provides evidence that a reasonably prudent person would have seen the pipe because it protrudes from the floor, and it has a different color from the floor. *Id.* at 11.

Plaintiff counters and contends that reasonable minds may differ as to whether the pipe was "open and obvious." Pl.'s Summ. J. Br. 9. Ms. Aristy argues that the pipe and support were

painted the same dark color, which made them indistinguishable from a distance. *Id.* at 10. She contends that the "coloration of the pipe and pole is such that they are difficult to differentiate from the floor in the surveillance video." *Id.* at 12 (citing Ex. D at APP. 27). Further, Plaintiff argues that Defendant's contentions that she was aware of the pipe or disregarded her own safety and did not act reasonably prudent are "wild assumptions" that are unsupported by the record. *Id.* at 13. She argues that during her deposition, she stated several times that she did not see the pipe until after she had fallen. *Id.*

The court agrees that the pipe was "open and obvious." When a hazard is "open and obvious" to the invitee, generally the landowner or premises owner does not have a duty to warn the invitee of the hazard. *Austin v. Kroger*, 465 S.W.3d 193, 204 (Tex. 2015) (citations omitted). There are two exceptions, however, to this general rule. One is the "criminal-activity" exception, and the second is the "necessary-use" exception. *Id.* The criminal-activity exception "may arise when a dangerous condition results from the foreseeable criminal activity of third parties," and the necessary-use exception "may arise when the invitee necessarily must use the unreasonably dangerous premises, and despite the invitee's awareness and appreciation of the dangers, the invitee is incapable of taking precautions that will adequately reduce the risk." *Id.* There is no evidence in the record that either of these exceptions applies, and, therefore, the general rule as previously stated applies.

In determining whether a danger or hazard is "open and obvious," the first step is to determine how Texas law defines this term.

> A danger is open and obvious when the evidence conclusively establishes that an invitee would have knowledge and full appreciation of the nature and extent of danger, such that knowledge and appreciation of the danger are considered as proved as a matter of law. When the danger is open and obvious, the property owner generally has no obligation to warn of the danger or make the premises safe, as a matter of law. Whether a danger is open and obvious is a question of

**Memorandum Opinion and Order – Page 7**

> law determined under an objective test. The question is whether the danger is so open and obvious that, as a matter of law, the plaintiff will be charged with knowledge and appreciation thereof. Under the objective standard, the question is not what the plaintiff subjectively or actually knew but what a reasonably prudent person would have known under similar circumstances.
>
> Whether a danger is open and obvious is a question of law determined under an objective test. The question is whether the danger is so open and obvious that, as a matter of law, the plaintiff will be charged with knowledge and appreciation thereof. Under the objective standard, the question is not what the plaintiff subjectively or actually knew but what a reasonably prudent person would have known under similar circumstances. To properly apply an objective test, we must consider the totality of the particular circumstances the plaintiff faced.

*Los Compadres Pescadores, L.L.C. v. Valdez*, 622 S.W.3d 771, 788-89 (Tex. 2021) (cleaned up).

Based on the evidence in the record and viewing the facts in light most favorable to Plaintiff, the court agrees that the presence of the pipe was "open and obvious." That Ms. Aristy was "looking up" rather than looking at the floor or paying attention to where she was walking does not diminish the openness and the obviousness of the pipe.[1] The court is not required to look at Ms. Aristy's particular circumstance; it is required to determine whether a *reasonably prudent* person would have known or observed under similar circumstances. First, Plaintiff admitted in her deposition that she saw the gray-colored pipe sticking out of the floor, although she did not see it until after she tripped and fell; however, she does not present evidence that the pipe moved or changed its position when she tripped and fell. Def.'s Ex. B at 40:15-22. The court reasonably infers from the record that the pipe was stationary, meaning that it was fixed or immobile. In Plaintiff's deposition testimony, counsel for Defendant asked Plaintiff, "What was it about that space that [she] felt [she] could walk through?" *Id.* at 54:15. Plaintiff responded, "I'm very small, so there was plenty of space for me to walk through there, no problem." *Id.* at

---

[1] During her deposition—and as evidenced by the video footage—Ms. Aristy testified that she was "looking up" while she was walking in the direction of the pipe. Def.'s Ex. B at 40:1-12.

54:16. Further, she explained that she is 5 feet tall, of average weight, and because of her size, the space was normal for her to walk through. *Id.* at 55:4-20.

Plaintiff's evidence is clearly contradicted by the video recordings and photographs attached to Walmart's appendix. Several photographs of the pipe in Defendant's appendix establish that the space between the pipe and adjacent boxes is not sufficient or "normal" in size such that Plaintiff or any other adult could walk through the opening without bumping against or tripping over the pipe. On page forty of Defendant's appendix, there appears to be a six-inch, or maybe eight-inch, pen, or other small object, between the boxes and pipe.



Def.'s App. 33. Even a small adult of average height and weight could *at best* only fit one foot between the pipe on the right and the boxes on the left while walking. This is so because no person walks with both of his or her feet touching or rubbing against the other, and Plaintiff was not walking in this manner when she arrived at the location where she tripped and fell while walking. Further, it is clear that an adult the size of Ms. Aristy would not be able to fit *both* feet in this space while walking between the protruding portion of the pipe and boxes to the left. The photographs clearly contradict Plaintiff's statements and version of how she fell.

**Memorandum Opinion and Order – Page 9**

Second, as demonstrated by the picture above, the pipe was easily distinguishable from the floor and its surroundings by its size and color, as the pipe is large, the floor is translucent brown, and the pipe and pillar are dark gray. Pl.'s Summ. J. Br. 4; *see also* Def.'s Ex. D.

Third, the video footage clearly contradicts many of Plaintiff's statements and makes several things explicit. A timeline of the video footage shows the following:

> [2]0:00:26: Ms. Aristy enters the camera frame and is seen walking toward the produce section.
> 0:00:32: Ms. Aristy turns her head to the left, while her body faces forward, and she continues at the same speed towards the pipe.
> 0:00:33: Ms. Aristy faces forward as she continues towards the pipe.
> 0:00:34: Ms. Aristy, without looking down, walks between the pipe and boxes and trips.
> 0:00:35: Ms. Aristy trips on the pipe, knocks over the boxes next to the pipe, falls to the floor, and hits her face on the shopping cart directly across from the pipe.

Pl.'s Ex. K. The video footage clearly shows that Plaintiff was not paying attention to where she was walking when she tripped and fell. *Id.* It also demonstrates how the pipe was clearly protruding from the floor. *Id.* Additionally, before and after Plaintiff tripped, the video showed several customers walking around the column and pipe rather than attempting to go through the small opening between the boxes and the column. *Id.* Considering these facts, the totality of the circumstances shows that the pipe was "open and obvious" or otherwise known to Plaintiff. Simply put, Ms. Aristy tripped and fell because she was not paying attention to where she was walking, despite the pipe being "open and obvious." Had Plaintiff been paying attention, and proceeded in the manner as a reasonably prudent person would have done, she would have seen the portion of the pipe that protruded. A reasonably prudent person would have seen the pipe and would have done one of the following: (1) slowed down or stopped and then stepped over the

---

[2] The video footage in Plaintiff's Exhibit K and Defendant's Exhibit D, which appear to depict the same video, shows the "5:58:18 PM" as the time stamp for the entirety of the video. Therefore, the court will use the time stamp from Plaintiff's Exhibit K.

pipe; or (2) gone around the pipe and pillar. For all of these reasons, Defendant did not have a duty to warn Plaintiff of the pipe.

Even if the pipe were not "open and obvious," Plaintiff's claim fails because she did not raise a genuine dispute of material fact that: (1) the pipe posed an unreasonable risk of harm or was an unreasonably dangerous condition; and (2) Defendant did not exercise reasonable care to reduce or eliminate the risk. Accordingly, the court determines that summary judgment is warranted because Defendant's duty to warn was discharged by the pipe's "open and obvious" condition.

## IV.   Defendant's Objections

Defendant makes several objections to the summary judgment evidence. First, "Wal-Mart objects to the excerpts of deposition testimony asserted as evidence in support of Plaintiff's Response to Defendant's Motion. . . . Specifically, Defendant objects to [P]laintiff's utilization of Exhibit I, page 46, lines 17- 25. The cited page and line breaks are not included in plaintiff's identified exhibits." Doc. 20 at 2. Alternatively, Defendant contends that if Plaintiff intended to include Exhibit J, it objects to the form of the question.

Second, Defendant objects to "the deposition testimony on the basis that the question lacks foundation and is outside the scope of the deponent's duties, as Ms. Shaquuria Taylor was not designated as a corporate representative," she "does not speak on behalf of Wal-Mart or the subject store." Doc. 20 at 2. Defendant argues that Ms. Taylor's statement as to whether the area was "walkable" is not the equivalent of concluding that Walmart failed to warn Plaintiff of a dangerous condition. *Id.*

Third, Defendant objects to "Plaintiff's utilization of Exhibit I, page 39, lines 20-25 to support her conclusion that [she] 'did not see the pipe until after she had fallen.'" *Id.* (citing Pl.'s

Resp. 13). Defendant argues that Plaintiff's testimony is controverted by the evidence provided by Defendant in support of its Motion. As stated earlier, while the court must view the facts in light most favorable to the nonmovant, the court has disregarded the nonmovant's version when the record clearly or blatantly contradicts her version of the facts. The court has already determined that Ms. Aristy's testimony that she saw the pipe after she tripped and fell is not material to the court's analysis because the pipe was "open and obvious."

Finally, Defendant objects to Plaintiff's reliance on *Caterpillar, Inc. v. Shears*, 911 S.W.2d 379, 383 (Tex. 1995), "as it is entirely unrelated to the factual circumstances surrounding this matter." Doc. 20 at 3. It argues that, unlike this case, *Caterpillar, Inc.* is a products liability case. *Id.*

Additionally, Defendant objects to Plaintiff's use of *Los Compadres Pescadores, LLC*, 622 S.W.3D at 771, "on the basis that the case involves a dangerous condition, i.e. a downed power line, and the factual circumstances are not relevant to this case." *Id.* at 4. Walmart argues that, unlike the dispute in *Los Compadres Pescadores,* the pipe in this case is not an unreasonably dangerous condition, thus *Los Compadres Pescadores* is inapplicable and irrelevant. *Id.* (citing *Los Compadres Pescadores, LLC*, 622 S.W.3D at 771).

"[A]s a general rule, our system 'is designed around the premise that [parties represented by competent counsel] know what is best for them, and are responsible for advancing the facts and argument entitling them to relief.'" *United States v. Sineneng-Smith*, 590 U.S. 371, 375-76 (2020) (citation omitted) (brackets in original). That Plaintiff uses arguments from two cases that Defendant believes do not align with the facts of this case is not a valid reason to strike Plaintiff's reference to them. Counsel for each party knows which authority and arguments are best suited to argue and present their case.

The court has ruled on the Motion and considered the relevant evidence and explained the bases for its ruling. In doing so, it has set forth the relevant facts and law in its analysis. All of the objections made by Defendant do nothing to affect the court's ruling on the Motion. The court has the capacity to "thread the needle" and determine the facts and apply the relevant law. In other words, the court reaches the same result even if Defendant had not made its objections. Accordingly, Defendant's objections are **overruled as moot.**

V.     **Conclusion**

For the reasons explained, because Plaintiff failed to raise a genuine dispute of material fact regarding her sole premises liability claim, Walmart is entitled to judgment as a matter of law on this claim. Accordingly, the court **grants** Defendant's Motion for Summary Judgment (Doc. 12), and **dismisses with prejudice** Plaintiff's premises liability claim. As no claims remain, judgment will issue by separate document in favor of Walmart in accordance with Rule 58 of the Federal Rules of Civil Procedure.

**It is so ordered** this 30th day of July, 2025.

Sam A. Lindsay
United States District Judge